**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN FREITAG,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>DOWNTOWN PARTNERSHIP CLEAN + SAFE, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 12cv203 DMS (BGS)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

In this civil rights action, Plaintiff, proceeding *pro se*, filed a complaint, Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *in Forma Pauperis* ("IFP" and "IFP Motion," respectively), and Request for Appointment of Counsel Under the Civil Rights Act of 1964 ("Request for Appointment of Counsel"). For the reasons which follow, Plaintiff's IFP Motion is **GRANTED**, the complaint is **DISMISSED WITH LEAVE TO AMEND**, and the Request for Appointment of Counsel is **DENIED**.

Every party instituting a civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff's affidavit of assets is sufficient to show he is unable to pay the fees

or post securities required to maintain this action.  *See* Civil Local Rule 3.2(d).  Accordingly, Plaintiff's IFP Motion is **GRANTED** pursuant to 28 U.S.C. § 1915(a).

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Upon review of allegations in Plaintiff's complaint, the Court finds they are insufficient for purposes of *sua sponte* screening under section 1915(e)(2)(B).

To the extent Plaintiff claims his constitutional rights were violated, he must sufficiently allege that the conduct complained of was committed by a person acting under the color of state law, and that the conduct deprived him of a federal constitutional or statutory right.  *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006); 42 U.S.C. § 1983.  It is not apparent that either of the named Defendants, Downtown Partnership Clean + Safe or J. Wiggins, were acting under the color of state law.  Furthermore, Plaintiff alleges a representative of Downtown Partnership Clean + Safe harassed and embarrassed him by shining a flashlight at him in front of other people while he was trying to sleep in a doorway, and that police officers subsequently declined to investigate this incident. As alleged, neither of these claims rises to the level of violating Plaintiff's federal constitutional rights.

To the extent Plaintiff is proceeding under 18 U.S.C. Section 241, this is a criminal statute. An individual may not bring criminal charges by filing a complaint in this court.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The conduct of criminal prosecution is an executive function within the exclusive prerogative of the Attorney General.  *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).  Accordingly, Plaintiff cannot state a claim for  criminal violations.

Based on the foregoing, the complaint is **DISMISSED WITH LEAVE TO AMEND** pursuant to 28 U.S.C. Sections 1915(e)(2)(b) and 1915A(b). In light of the dismissal, Plaintiff's Request for Appointment of Counsel is **DENIED** as moot.  If Plaintiff files an amended complaint as provided herein, he may file another request for appointment of counsel.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's IFP Motion is **GRANTED**.

2. The complaint is **DISMISSED WITH LEAVE TO AMEND**. No later than **March 15, 2012**, Plaintiff shall file an amended complaint, if any, which addresses each deficiency of pleading noted above. If the pleading deficiencies set forth above are not addressed in the amended complaint, the amended complaint may be dismissed with prejudice and without further leave to amend. Plaintiff's amended complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. Loc. Rule 15.1. Defendants not named and all claims not re-alleged in the amended complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Should Plaintiff elect not to file an amended complaint by March 15, 2012, this case shall remain dismissed for failure to state a claim pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b) without further Order of the Court.

3. Plaintiff's Request for Appointment of Counsel is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: February 22, 2012

HON. DANA M. SABRAW
United States District Judge